CASE No. 885.

WESTFIELD v. WESTFIELD.

1. An order recommitting for further proof a report upon claims presented against a decedent's estate, is not appealable. *Semble.*
2. Under an order calling in creditors to establish their demands against an estate which is being administered by the court, a claim must be presented in the name of the creditor himself, under his oath, that the amount is *bona fide* due, and that no part has been paid by discount or otherwise. *Ex parte Hanks, Dud. Eq.* 231, approved.

---

Before ALDRICH, J., Greenville, July, 1879.

This case is fully stated in the opinion of the court.

*Mr. E. F. Stokes,* for appellant.

*Mr. J. W. Stokes,* contra.

May 17th, 1880. The opinion of the court was delivered by

McGOWAN, A. J. This was an action in the nature of a creditor's bill, brought by the plaintiff as administratrix of the estate of John Westfield, deceased, to call in the creditors and marshal the assets of said estate. Pending the action, creditors were enjoined from suing at law, and were called in by publication, in the usual form, to present and prove their demands against the estate. Among the claims presented, under the call, was one in the following terms :

"$4166.67. On the first day of September, 1860, we, or either of us, promise to pay to the order of A. M. Hamilton, guardian of E. F. Stokes, four thousand one hundred and sixty-six 67-100 dollars, value received, with interest payable annually from the first day of September last. Witness our hands and seals this ninth day of December, 1859.

"JOHN WESTFIELD. [L. S.]

"THOMAS M. COX. [L. S.]

"THOS. C. GOWER. [L. S.]

"Received on the within three hundred and fourteen 33-100 dollars, this May 27th, 1861."

"$4166.67. On the first day of September, 1861, we, or either of us, promise to pay to the order of A. M. Hamilton, guardian of E. F. Stokes, four thousand one hundred and sixty-six 67-100 dollars, for value received, with interest payable annually from the first day of September last. Witness our hands and seals this ninth day of December, 1859.

"JOHN WESTFIELD. [L. S.]

"THOMAS M. COX. [L. S.]

"THOS. C. GOWER. [L. S.]

"Personally comes before me Edward F. Stokes, and makes oath that the above are true copies of notes now in his hands for collection.

"EDWARD F. STOKES, *Attorney.*

"Sworn to, before me, this 25th of June, 1879.

"J. J. DOUTHIT, *Master.*"

Upon this affidavit alone, without any proof of the execution of the notes, or who was the real owner thereof, or whether they were subject to payments or discounts, the master, without notice to the other parties interested, who were not present, allowed the notes as proved claims against the estate of John Westfield, and so reported to the court. The plaintiff and other creditors excepted to the report upon the grounds: " *First.* That it did not establish the fact as to who is the real owner of said claims. *Second.* That it does not set forth all the credits to which said claims are subject, the fact being, as the plaintiff is informed, that sundry sums, amounting in the aggregate to $3000 or $4000, had been paid on the said notes, &c. *Third.* That proof to establish said claims was *ex parte*, and that the plaintiff had no opportunity of inspecting the same or cross-examining the witnesses, no notice having been given of the time and place of holding a reference herein."

On hearing the report of the master, and the exceptions thereto, Judge Aldrich ordered that the cause be recommitted to the master to take the testimony and report upon the questions raised by the plaintiff's exceptions, with leave to report any special matter, and especially that the notes presented by Edward F. Stokes, as attorney, be proved in the name of the real owner within thirty days from date, or, in case of failure upon his part to do so, that he be debarred from setting up the same, and that the master take testimony as to all credits which should be allowed upon said notes."

From this order Edward F. Stokes appeals to this court upon the ground that it was error to make such order.

The order to re-commit, for the purpose of further proof, was not appealable, and we would so hold if a motion had been made to dismiss the appeal. The order appealed from was neither a final judgment nor an order affecting a substantial right made in an action when such order in effect determines the action and presents a judgment from which an appeal might be taken, nor does it involve the merits of the action. "An order to involve the merits must finally determine some substantial matter forming the whole or a part of some cause of action or defence in the case in which the order is entitled." *Henderson* v.

*Wyatt*, 8 *S. C.* 112 ; *Blakely & Copeland* v. *Frazier*, 11 *S. C.* 122.

In this case the only matter determined was that the claim should be re-committed for further proof. Such an order is purely administrative. But as the matter is before us, and it is important to recall attention to a practice which is absolutely necessary in all proceedings in the nature of creditor's bills, we will dispose of the appeal.

It has long been well established in this state that in order to prevent multiplicity of suits, and for other good reasons, the executor or administrator of an insolvent estate may, when creditors are numerous, file a bill or a complaint against the creditors to enjoin them from proceeding at law, and to have the estate administered in equity ; and when the representative of an estate files such a proceeding the practice is to select one or two of the principal creditors and to bring in the others by publication. None of them need answer formally, except when specially required or ordered by the court, the rest appear and litigate orally, but all are enjoined from suing at law.    *Thomson, Ex'r,* v. *Palmer et al.,* 2 *Rich. Eq.* 32.

In such case, after the creditors have been called in, any one of them who presents his claim under the master's notice, becomes an actor in the proceedings and a party to the decree, and is entitled to any order to speed the cause or carry the decree into successful execution.    *Boyce* v. *Boyce,* 5 *Rich. Eq.* 263.

It follows that any creditors so coming in is a party in every sense, as much so as if he had commenced the action for himself and other creditors, or was made a defendant by name, and filed a formal answer.    An attorney, whose business it is to represent others, cannot prove a claim by swearing that he has such demand for collection, or in any way except in the name of the real party in interest, as if he were suing upon the same.    There cannot be in such case an unknown party, for there could be no judgment for or against such party.    The alleged debtor being dead he cannot speak for himself.    There may be discounts or counter claims, and it is therefore eminently proper that there should be at least the security afforded by the oath of the proper party—the creditor himself—that the debt is really *bona fide*

due, and that no part of it has been paid by discount or otherwise. The practice on this subject has long been well defined and clearly stated. We think it should be followed as laid down by the court of equity in the case of *Ex parte Hanks, Dud. Eq.* 231.

We are satisfied with the rule of practice announced by Chancellor Dunkin, who, in delivering the judgment of the court in that case said : " In the course of the argument of the case at bar it seemed to be supposed that the creditor would not be obliged to make oath to the amount of his demand. According to the course of the English chancery, where assets are to be administered, all claims, including judgments, &c., must be rendered on oath, and this is also the approved mode in this country. A creditor presenting his claim to the commissioner, under notice, should make an affidavit of the debt, and that he is aware of no discount, or if there are mutual demands, a balance should be struck and sworn to. It need scarcely be remarked that this is not intended to supersede the necessity of the ordinary proof of the debt, but is supplementary thereto."

The order below has already been affirmed and the appeal dismissed in accordance with the principles herein announced. Appeal dismissed.

WILLARD, C. J., and McIVER, A. J., concurred.